**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 2 8 2022

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| LeRoy France | No. 4:22-cv-392-LPR |
| Plaintiff, | |
| v. | |
| Comerica Bank | This case assigned to District Judge Rudofsky |
| Defendant. | and to Magistrate Judge Ervin |

## COMPLAINT

**LeRoy France** (Plaintiff), by and through pro se, alleges the following against **Comerica Bank** (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 et seq.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331

1

grants the United States district courts federal-question subject-matter

jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant conducts business in the

State of Arkansas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Cabot, Arkansas 72023.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is the issuer of the Direct Express Debit MasterCard.

8. Defendant is registered in Arkansas as a Foreign For Profit Corporation, with a

registered agent of: Corporate Creations Network INC., 3208 Asher AVE, Little

Rock AR 72204

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant acted through its agents, employees, officers, members, directors,

heirs, successors, assigns, principals, trustees, sureties, subrogees,

representatives, and/or insurers.

**FACTUAL ALLEGATIONS**

11. Plaintiff has a personal cellular telephone number ending in 0499

12. Defendant sent thousands of text messages to Plaintiff on his cellular

telephone ending in 0499.

13. Defendant is a FDIC Insured bank.

14. Defendant has been contracted by the US Treasury to issue Debit Cards for

different government benefits by use of Direct Express Debit MasterCard.

15. Defendant sent text messages to Plaintiff in regards to a Direct Express Debit

2

MasterCard.

16. Defendant sent these text messages on an informational basis and not made for "Emergency purposes."

17. Defendant used a short code 63311, which are used by business for mass communication.

18. Upon information and belief the above short code 63311, is believed to be owned or controlled by Defendant.

19. Defendant sent text messages at all times of day and night separately and on a massive scale. Defendant sent these text messages even at hours such as 12am, and 2am.

20. Defendant sent generic, exact same wording text messages.

21. Almost all of the Defendants Text Messages included "Reply STOP to Opt-out" some even said "Send HELP for help", which is a process indicative of a automatic telephone dialing system.

22. Example of Defendants Text:

   a. Direct Express Customer: You have insufficient funds on the card to perform this transaction. Reply STOP to opt-out

23. Plaintiff texted back over 900 times "STOP", Defendant text back:

   a. CMA Alerts on Demand: You have successfully unsubscribed from text. Questions? Call us +1 866-606-3311 Send HELP for help. Msg&Data Rates May Apply.

   b. You have been opted out and will receive no further messages from Direct Express (AOD) +1-800-733-1732 and support@i2cinc.com

24. Plaintiff in attempt to find another way to see if he could get these harassing

3

text to stop, texted "HELP" and received the following 2 messages:

    **a.** Direct Express (AOD) Msg freq varies +1-800-733-1732 and support@i2cinic.com Reply STOP to CANCEL Msg&Data Rates May Apply.

    **b.** CMA Alerts on Demand: Invalid input received. Valid requests Bal, MS, STOP and HELP Send STOP to cancel, HELP to help. Msg&Data Rates May Apply.

The above shows more of how this can only be an automatic telephone dialing system.

25. Defendant has texted Plaintiff over 2,500 times within the past year.

26. Even after Plaintiff text "STOP", Defendant continues to harass the Plaintiff with text messages.

27. In attempt to get these harassing text messages to stop, Plaintiff attempted to email support@i2cinc.com from his personal gmail on April 8th 2022, This email came back "Message blocked".

28. The defendant has failed to have any type of working or functional internal Do Not Call list so that users may opt out of receiving text messages.

29. Plaintiff has been on Do Not Call Registry since June 22nd, 2017.

30. Defendant knew its text were unwated, and even texted back acknowledging they were going to stop, therefore, all of these text could have only been made solely for purposes of harassment.

31. Defendant's text messages at all hours of day and night have been not only bothersome but major impact of quality of life.

32. Defendant refused to honor Plaintiff's request to stop texting and choose to

4

continue to harass

33. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## Count I

## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

34. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

35. The TCPA prohibits placing calls or text using an automatic telephone dialing system to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

36. The TCPA requires that any call or text sent has a clear way to make a request to the sender to not send any further call or messages. 47 U.S.C. § 227(b)(2)(D).

37. Defendant sent thousands and thousands of text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

38. The dialing system used by the Defendant to send all of these harassing text messages was done with no human interventions from Defendant before these text were sent.

39. The dialing system used by Defendant to text message Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

40. Defendant's calls were not made for "emergency purposes."

41. Defendant's thousands of texts to Plaintiff's cellular telephone without any

prior expressed consent.

42. Defendant fails to stop texting even after Plaintiff sent hundreds and hundreds of "STOP" messages.

43. Defendant contacted Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry.

44. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

45. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II

## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

46. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

47. The TCPA required a company maintain an internal "Do Not Call List" 47 U.S.C. § 227(c)(1)(A).

48. Defendant continued to text the Plaintiff thousands and thousands of times after removing any type of possible consent.

49. Plaintiff sent over 800 "STOP" text as the Defendants text requested to "Opt Out" of receiving any more text.

50. Defendant Texted Plaintiff at all hours of day and night.

51. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the

law and with the purpose of harassing Plaintiff.

52. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore,** Plaintiff, **LeRoy France,** respectfully prays for judgment as follows:

    a. Order Defendant to "STOP" texting Plaintiff and have a functional internal "Do not Call" list.

    b. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A))

    c. Statutory damages of $500.00 per violative telephone text (as provided under 47 U.S.C. § 227(b)(3)(B));

    d. Additional statutory damages of $500.00 per violative telephone text (as provided under 47 U.S.C. § 227(C);

    e. Treble damages of $1,500.00 per violative telephone text (as provided under 47 U.S.C. § 227(b)(3));

    f. Additional treble damages of $1,500.00 per violative telephone text (as provided under 47 U.S.C. § 227(C);

    g. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)

    h. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff

    i. Any other relief this Honorable Court deems appropriate.

7

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **LeRoy France,** demands a jury trial in this case

Respectfully submitted,

By: LeRoy France

Pro Se

29 Ridge Rd

Cabot, AR 72023

Phone: 501-286-0499

Date: 4/28/22

8