UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| LEROY FRANCE,<br><br>       Plaintiff,<br><br>v.<br><br>COMERICA BANK,<br><br>       Defendant. | Case No.: 4:22-cv-00392-LPR |

## AGREED PROTECTIVE ORDER

The Parties to this action, the Plaintiff, LeRoy France and the Defendant, Comerica Bank, enter into this Agreed Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure in connection with discovery requests in this action. Therefore, it is ORDERED as follows:

1. This Agreed Protective Order is entered into pursuant to the Federal Rules of Civil Procedure.

2. This Agreed Protective Order shall govern the treatment of all documents, testimony, and other materials, as well as all information contained in such documents, testimony, and other materials, and all copies, excerpts, or summaries thereof, produced by a party or non-party (each and/or its counsel, a "Designating Party"), whether voluntarily or in response to any discovery request, interrogatory, deposition notice or subpoena, or request for admission served in the Litigation (collectively, "Discovery Material"). The Designating Party may designate as "Confidential" information contained in Discovery

Material or otherwise produced to another party or person. Such "Confidential Information" shall include the following:

a) Non-public information, and information that qualifies as a "trade secret" under governing law—including, but not limited to, proprietary formulas, strategies, methods, or processes of acquiring business, acquiring assets, or realizing income therefrom; sources of information regarding the producing party's core business; sources of funding for the core business; and information regarding the design, architecture, or functionality of a parties' computer systems and any information regarding the storage, access to or use of electronic data.

b) Information specifically regarding the value or performance of particular assets, but only if it is material non-public information or the public disclosure of such information would objectively threaten a competitive advantage or information advantage of the producing party.

c) Highly sensitive personal information or information such as accounts, tax returns, tax identification numbers, social security numbers, or the like.

d) Confidential Information shall not include information or documents that have been publicly disclosed.

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "<u>CONFIDENTIAL</u>" or otherwise

expressly identified as confidential. The parties will use their best efforts to limit the number of documents designated Confidential.

4. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5. Qualified recipients shall include only the following:

   a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

   b) Deposition court reporters and staff;

   c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

   d) Any agreed-upon or court-ordered mediator and persons employed by or under the auspices of that mediator;

   e) Deponents during the course of their depositions or potential witnesses of this case;

   f) The Court and Court personnel; and

   g) The parties to this litigation, their officers and professional employees.

6. Each counsel shall be responsible for providing notice of the Agreed Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of this Agreed Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

7. At any deposition (1) upon inquiry with regard to the content of any discovery material(s) designated or marked as "CONFIDENTIAL"; (2) whenever a party deems that the answer to a question may result in the disclosure or revelation of Confidential Information; and/or (3) whenever a party deems that the answer to any question has resulted in the disclosure or revelation of Confidential Information, any party may designate portions of a deposition transcript and/or video for any deposition (or any other testimony) as containing Confidential Information in accordance with this Order by a statement on the record during the deposition or by notifying all other parties in writing, within twenty-one (21) calendar days of receiving the certified transcript that contains Confidential Information and designating the specific pages, lines, and/or counter numbers as containing Confidential Information. If a designation is made via a statement on the record during a deposition, the Designating Party must follow up in writing within twenty-one (21) calendar days of receiving the certified transcript, identifying the specific pages, lines, and/or counter numbers containing Confidential Information. A Designating Party

must designate portions of a deposition transcript as "CONFIDENTIAL" within twenty-one (21) calendar days of receiving the certified transcript. If no confidentiality designations are made within the twenty-one (21) calendar day period, the entire transcript shall be considered nonconfidential. During the twenty-one (21) day period, the entire transcript and video shall be treated as Confidential.

8. If either party objects to the claims that information should be deemed Confidential, that party shall inform the other in writing that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

9. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Agreed Protective Order.

10. All Confidential information produced in this action, shall be used only for purposes of this litigation and not for any other purpose.

11. This Order shall remain in effect for one year after the termination of this litigation.

12. Within 60 days of the termination of this litigation, including any appeals, all previously furnished Confidential Information, including any copies thereof, and each

person or party to whom such Confidential Information has been furnished or produced shall be obligated upon request of the providing party to either return it or provide notification that it has been destroyed. However, counsel is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that such materials are maintained and protected in accordance with the terms of this Agreed Protective Order. This provision in no way abrogates counsels' obligation under any rules of professional conduct, statue, or regulation. This provision also does not require the Court to return any confidential information submitted to it by the parties.

13. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the litigation or of any position as to discoverability or admissibility of evidence.

14. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Protective Order. Nor does it restrict any party from filing a separate Motion enhancing or limiting confidentiality as may be appropriate.

15. The use of Confidential Information at trial is outside the scope of the Protective Order. A party intending to offer Confidential Information at trial must notify the disclosing or producing party or nonparty and all other parties in writing no later than the deadline for serving pretrial disclosures. The notice must particularly identify the protected information that will be offered so that the disclosing or producing party or

nonparty and all other parties may negotiate a stipulation concerning use of the information or request relief from the Court. A party or nonparty seeking to prevent or restrict disclosure of the identified Confidential Information at trial must request that relief through a motion in limine (for which purpose a nonparty may intervene and enter a limited appearance) filed sufficiently in advance of trial for the Court to accommodate the request if granted, and in any case no later that the deadline to file motions in limine.

16. Confidential Information may only be filed electronically under seal, and the Court will maintain that filing with access restricted to the Court and parties. In accordance with Fed. R. Civ. P. 5.2, wherever practicable, Confidential Information should be redacted prior to filing, with the redacted version of a filing docketed publicly and an unredacted version filed under seal. Where electronic filing of Confidential Information is impracticable, the party who files the Confidential Information should seek guidance from the Court prior to filing.

IT IS SO ORDERED, this 28th day of February, 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

APPROVED BY:

LeRoy France
*Pro Se*
29 Ridge Road
Cabot, AR 72023
ljfrance1989@gmail.com

Andrew King, Ark. Bar No. 2007176
Frederick H. Davis, Ark. Bar No. 2012271
Harper L. Kiefer, Ark. Bar No. 2021129
KUTAK ROCK, LLP
124 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201
Telephone: (501) 975-3000
frederick.davis@kutakrock.com

*Attorneys for Defendant Comerica Bank*